Ruffin, Chief Justice.
We are of opinion that the judgment must be affirmed, because this action cannot be maintained by the plaintiffs, as executors of Skelton Taylor.
One of the facts disputed on the trial was, whether the slaves had been given or loaned by Clackson, the father-in-law, to Abraham Taylor. The plaintiffs contended that they had been given absolutely; and upon that founded their claim of title in the following manner :' They insisted that after the death of Abraham Taylor intestate, the title became vested in their testator, .Skelton Taylor, who becamé his administrator. The plaintiffs further insisted that by the sale by Abraham’s widow of the slaves, with the intent that they *142 should be removed out of Virginia, his life estate was under a statute of that State forfeited, and was now vested in the P^a'ni^s as ^ executors of Skelton Taylor, who was also the father of the intestate, Abraham Taylor, and as his next of kin, entitled to one half of his slaves in possession at his death, and to the other half in reversion after the death of his widow, or other 'sooner determination of her estate for life. This the plaintiffs insisted on as true, whether there had been a division of the estate left by Abraham Taylor between the father and widow, and upon such division the slaves after-wards sold to the defendants had been allotted to the latter for life in her share ; or whether there had been no such division, but the slaves had been allowed by the father and administrator to remain in possession of the widow undivided, but still subject to division.
Upon those propositions of the plaintiffs, it was left to the jury whether there was a gift or a loan, and if the former, whether there had been a division between the next of kin or not; and they were instructed that the plaintiffs were entitled to recover, if there had, been such gift and division ; but that they were not entitled to recover if there had not been an allotment of these slaves to the widow.
As the verdict was for the defendants, it removes from our consideration the important affirmative instructions on behalf of the plaintiffs upon the effect of the laws of Virginia, common or statutory ; and therefore upon none of those points is an opinion given. It also excludes from our notice the instructions prayed on the part of the defendants, because they having been denied or reserved, could have had no influence in producing the verdict. The verdict makes the conclusion a necessary one, that the jury thought either that there was no gift, or that the negroes had never been allotted to the widow in her share of her husband’s estate, but that the estate remained unsettled and subject to distribution. The Court cannot see that the jury proceeded on the matter of fact first mentioned ; and it may therefore be that they went on the ground that there had been no division, and that the legal consequence therefrom was that specified by the Court.
The case is therefore reduced to the single point, wheth *143 er the Court properly refused the prayer of the plaintiffs for an instruction that they ought to recover, although there had been no division of the slaves of the intestate between his next of kin.
His Honor gave for his opinion several reasons; of which one seems to us so plain and decisive against the action, that we do not embarrass ourselves with the others.
. The plaintiffs declare in detinue, as the executors of the will of Skelton Taylor. In him, therefore, they must show the title that was once in Abraham Taylor by the gift of Clackson. It is not sufficient that Skelton was the administrator of Abraham; for upon the death of an administrator the goods of the intestate do not go to the executor of the administrator, but to the administrator de bonis non of the intestate. The plaintiffs must therefore show in their testator something better than a title as administrator merely. This was attempted by urging that as he was also father and next of kin, it might be and was, upon the ‘ circumstances, to be inferred, that at his death, he held in jure proprio, and not as administrator. But we think that an inadmissible inference, and indeed that it is completely repelled. Skelton Taylor was never in fact in the possession of the slaves, as appears by the evidence, and as is admitted in the prayer of the plaintiffs themselves. They were in the possession of the widow, who was entitled to one half in value, and in severalty for her life, as her distributive share. Now if to this be added, the farther fact as found by the jury, that there was no division and allotment between the parties entitled, it is clear that the estate had not been administered by Skel-ton Taylor; but that the important parts of accounting and distribution, yet remained to be performed by some person. Until distribution certainly the administration is incomplete, and must be committed to some person de bonis non. If the administrator here had not been next of kin, there would have been a necesshy, upon his death, for a further administration to settle and divide. It is equally necessary, although the administrator was, as next of kin, entitled to a share of the estate ; for that right did not attach to any particular chattels. Prima facie the unsold and undivided specific goods were held by the administrator in his official charac *144 ter; and therefore his representatives do not 'succeed to them.
Per Curiam. Judgment affirmed.